## SMITH et v. McKELVEY.

Ohio Appeals, 6th Dist., Lucas Co.

Miller, Brady & Yager and John W. Bebout, Toledo, for Smith.

Wm. F. Miller and H. Henry Miller, Toledo, for McKelvey.

RICHARDS, J.

**REAL ESTATE.**

(510 C3) Breach of contract for resale of land, requiring that abstract be furnished showing title to be free from material defects, held not necessarily breach of covenant in deed that title was clear, free and unincumbered, since title might be free from material defects and yet vendor be unable to show such fact by abstract of record title.

(510 D1) In action for breach of covenant warranting title in deed, on ground that certain deed in chain of title contained no words of perpetuity, law of state in which such deed was made, which dispenses with requirement that deed contain such words, should be pleaded.

(510 Dc) In action for breach of covenant in deed warranting title on ground that certain deed in chain of title contained no words of perpetuity, judgment for defendant will not be reversed on ground that law of state in which such deed was made, which dispenses with requirement that deed contain words of perpetuity, was not pleaded, substantial justice having been done.

(510 Dc) Mortgage, which has been released by mortgagee, was not valid incumbrance on property within covenant of deed warranting title to be clear, free and unincumbered, notwithstanding that such release had not been placed on record at time deed was executed.

(510 Dj2) Courts of Indiana held to be powerless to authorize conveyance of interest in real estate in Ohio by guardian of insane person, but such action should have been brought in courts of State of Ohio.

(510 D2c) Contingent right of wife to dower during husband's life, in his real estate, is property having substantial value.

(Williams and Lloyd, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.